IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Civil Action No. 0:07-558-CMC-JRM |
| Plaintiff, | ) |
| vs. | ) |
| BOBBY L. BLACKMON, JR.; | ) |
| AMANDA C. BLACKMON; | ) |
| WILLIAMS FINANCIAL SERVICES; AND | ) |
| COUNTY OF LANCASTER, | ) |
| Defendants. | ) |
| | ) **REPORT AND RECOMMENDATION** |

This is an action for foreclosure of a real estate mortgage (on property located in Lancaster County, South Carolina) which was filed by the United States of America on behalf of the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture.[1] The action was filed on February 26, 2007, pursuant to 28 U.S.C. § 1345. Plaintiff alleges that the note and mortgage referenced in the Complaint are in default and seeks foreclosure.

Defendant Bobby L. Blackmon, Jr. submitted a pleading to the court which was docketed as an answer on August 10, 2007. His answer, however, consists merely of a copy of the complaint and summons. Defendants Amanda C. Blackmon, Williams Financial Services, and County of Lancaster have not filed answers in this action. On November 19, 2007, Plaintiff filed a pleading titled "affidavit of default and amount due and in support of motion for summary judgment." It

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. This report and recommendation is entered for review by the court.

appears that Plaintiff requests default as to Williams Financial Services and County of Lancaster and summary judgment as to Defendants Bobby L. Blackmon, Jr. and Amanda C. Blackmon. Plaintiff does not appear to have requested entry of default against either Bobby L. Blackmon, Jr. or Amanda C. Blackmon. Clerk's entry of default was made as to Williams Financial Services and County of Lancaster on November 20, 2007.

On January 2, 2008, Plaintiff filed a motion for summary judgment, arguing that the answer[2] raised no new issue for consideration by the Court. Defendants were informed on January 4, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Plaintiff's motion for summary judgment with additional evidence or counter-affidavits could result in dismissal of this action. Defendants Bobby L. Blackmon, Jr. and Amanda C. Blackmon have not filed a response.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine dispute of material fact and when the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Defendants, as the non-moving parties, are entitled to have the court construe all disputed facts and all reasonable inferences drawn therefrom in the most favorable light, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v Catrett, 477 U.S. 317, 322 (1986). A party wishing to oppose summary judgment must present evidence

---

[2]Presumably this refers to the "answer" filed by Bobby L. Blackmon, Jr. on August 10, 2007.

2

tending to raise a material and genuine factual dispute.  See Morrissey v. William Morrow & Co., 739 F.2d 962 (4th Cir. 1984), cert. denied, 469 U.S. 1216 (1985); Foy v. Norfolk and W. Ry. Co., 377 F.2d 243 (4th Cir. 1967), cert. denied, 389 U.S. 848 (1967); and Bradford v. School Dist., 364 F.2d 185 (4th Cir. 1966).

## DISCUSSION

Plaintiff argues that it is entitled to summary judgment because there is no genuine issue as to any material fact and it is entitled to a judgment including foreclosure of its mortgage as a matter of law.  Plaintiff's affidavit and accompanying exhibits satisfy its burden of demonstrating an absence of genuine issue of material fact in dispute regarding its claims against Defendants Bobby L. Blackmon, Jr. and Amanda C. Blackmon.  Defendants Bobby L. Blackmon, Jr. and Amanda C. Blackmon have not filed a response to the motions for summary judgment and have failed to demonstrate a genuine issue of material fact for trial.

## CONCLUSION

It is, therefore, recommended that Plaintiff's motion for summary judgment (Doc. 19) and Plaintiff's motion for an order granting summary judgment (Doc. 25) be granted.

Respectfully submitted,

s/Joseph R.  McCrorey
United States Magistrate Judge

March 18, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).